**Henry Kapononuiahopil LII,**
**Petitioner-Appellant,**

v.

**Paul COPENHAVER, Respondent-**
**Appellee.**

No. 16-15539

United States Court of Appeals,
Ninth Circuit.

Submitted August 9, 2017 *

Filed August 16, 2017

Henry Kapononuiahopil Lii, Pro Se

Karen A. Escobar, Assistant U.S. Attorney, DOJ-USAO, Fresno, CA, for Respondent-Appellee

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM **

Federal prisoner Henry Kapononuiahopil Lii appeals pro se from the district court's dismissal of his habeas petition, which the district court characterized as arising under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo the dismissal of a section 2241 petition, *see Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), and we affirm.

Lii's petition challenged his conviction and sentence, and was thus a disguised motion under section 2255 and required a

certificate of appealability to proceed on appeal. *See Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). The district court certified only one issue: whether Lii is entitled to relief under *Welch v. United States*, —— U.S. ——, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), with regard to his conviction under the residual clause of the Armed Career Criminal Act ("ACCA"). We conclude that *Welch* is inapplicable because the record shows that Lii was not sentenced under the ACCA. As to Lii's remaining claims, we agree with the district court's conclusion that Lii does not qualify under section 2255's "escape hatch," and affirm its dismissal of the petition for lack of jurisdiction. *See Stephens*, 464 F.3d at 898-99 (stating when a section 2241 petition is available under section 2255's "escape hatch" and affirming dismissal for lack of jurisdiction because the "escape hatch" was not properly invoked).

Appellee's motion to dismiss is denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.